UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT KENNETH TYLER, | No. 2:07-cv-00367 JCW |
| Petitioner, | ORDER |
| vs. | |
| DARRAL G. ADAMS, | |
| Respondent. | |

Tyler, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence of 25 years to life, imposed pursuant to his guilty plea on one count of penetration with a foreign object, with enhancements admitted for committing that crime during a burglary and for involving binding the victim. On March 23, 2010, I ordered that the petition be denied. Tyler has now requested a Certificate of Appealability (COA) as to his claims (1) that his sentence was disproportionate to his crime in violation of the Eighth Amendment to the United States Constitution; (2) that he did not knowingly and intelligently waive his right to appeal the disproportionality of his sentence; and (3) alternatively, that if his

1

waiver was valid, he received ineffective assistance of counsel because his counsel could have had no rational, tactical reason for allowing Tyler to waive his right to appeal his sentence.

"A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Rhoades v. Henry*, 598 F.3d 511, *5 (9th Cir. 2010), citing 28 U.S.C. § 2253(c)(2).  A petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.*, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in my order denying Tyler's petition for a writ of habeas corpus, Tyler has failed to establish that jurists of reason could debate whether the petition should have been resolved in a different manner, or that the issues presented deserve encouragement to proceed further.

It is therefore ordered that I decline to issue a Certificate of Appealability. Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Cir. R. 22-1.

DATED: April 16, 2010

                                      /s/ J. Clifford Wallace
                                          J. Clifford Wallace
                                      United States Circuit Judge